**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000679
12-OCT-2016
09:04 AM**

NO. CAAP-15-0000679

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KALEO K. KUBO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DCW-13-0003067)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kaleo K. Kubo (Kubo) appeals from a Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit, Wailuku Division, (District Court), on August 10, 2015.[1] The District Court convicted Kubo of Theft in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 708-832 (2014), and ordered him to pay a fine of $1,979.41.

On appeal, Kubo argues that the District Court erred in convicting him after setting aside his Deferred Acceptance of No Contest (DANC) plea where (1) the court lacked jurisdiction because his DANC had expired; (2) at the time his DANC plea was granted, he was not provided a written copy of his DANC conditions; (3) Plaintiff-Appellee State of Hawai'i (State) did not file a written motion to revoke his DANC before his deferral period expired; and (4) he was not afforded a hearing on the motion to revoke.

---

[1] The Honorable Adrianne N. Heely entered the Judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kubo's appeal as follows.

Notwithstanding the State's concession that the Judgment should be vacated for the reasons given by Kubo in his Opening Brief, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000). In other words, the State's concession of error "is not binding upon an appellate court[.]" Hoang, 93 Hawai'i at 336, 3 P.3d at 502 (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

Our review of the record confirms the State's concession as well-taken. The District Court abused its discretion in revoking Kubo's DANC because (1) Kubo was not provided with a written copy of his DANC conditions as required by HRS §§ 853-1 (2014) and 706-624 (2014); (2) the State did not file a written motion to revoke Kubo's DANC plea, as required by HRS §§ 853-3 (2014) and 706-627(1) (2014); and (3) the District Court lacked jurisdiction as the deferral period had already expired on December 19, 2014, under HRS § 853-1(c). State v. Shannon, 118 Hawai'i 15, 185 P.3d 200 (2008).

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered by the District Court of the Second Circuit, Wailuku Division, on August 10, 2015, is vacated

and the case is remanded with instructions to dismiss the motion to revoke with prejudice.

DATED:  Honolulu, Hawai'i, October 12, 2016.

On the briefs:

Sheena M. Crail,
Deputy Public Defender,
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Lawrence M Reifurth

Associate Judge

Associate Judge

3